25CA0162 Peo in Interest of ALG 07-03-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0162
City and County of Denver Juvenile Court No. 24JV30076
Honorable Lisa Gomez, Judge

---

The People of the State of Colorado,
Appellee,

In the Interest of A.L.G., a Child,

and Concerning A.R.M.,

Appellant.

---

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE SULLIVAN
Tow and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 3, 2025

---

Katie McLoughlin, Acting City Attorney, Christina R. Kinsella, Assistant City Attorney, Denver, Colorado, for Appellee

Josi McCauley, Guardian Ad Litem

Elizabeth A. McClintock, Office of Respondent Parents' Counsel, Colorado Springs, Colorado, for Appellant

¶ 1　A.R.M. (mother) appeals the judgment terminating her parent-child legal relationship with A.L.G. (the child).  Specifically, mother asserts that the juvenile court erred by finding that the Denver Department of Human Services made reasonable efforts to rehabilitate her and reunify her with the child.  We disagree and therefore affirm the judgment.

## I.　Background

¶ 2　In February 2024, the Department filed a petition in dependency or neglect, alleging that the child had tested positive for illicit substances at birth.  Mother admitted the allegations in the petition, and the juvenile court adjudicated the child dependent or neglected.  The court then adopted a treatment plan that required, among other things, that mother address her substance abuse issues and engage in family time.

¶ 3　After the dispositional hearing in April 2024, mother never appeared again at any court hearings in the case, and the Department didn't have any contact with her.  In November 2024, the Department moved to terminate mother's parental rights, alleging that mother hadn't participated in her treatment plan.  The juvenile court held an evidentiary hearing in January 2025.  After

hearing the evidence, the court granted the motion and terminated the parent-child legal relationship between mother and the child under section 19-3-604(1)(c), C.R.S. 2024.

## II. Discussion

¶ 4 On appeal, mother asserts that the Department failed to make reasonable efforts to contact her and engage her in the treatment plan. We aren't persuaded.

¶ 5 In deciding whether to terminate parental rights under section 19-3-604(1)(c), the juvenile court must consider whether the department made reasonable efforts to rehabilitate the parent and reunite the parent with the child. *See* §§ 19-1-103(114), 19-3-208, 19-3-604(2)(h), C.R.S. 2024. Whether a department satisfied its obligation to make reasonable efforts is a mixed question of fact and law. *People in Interest of A.S.L.*, 2022 COA 146, ¶ 8. We review the court's factual findings for clear error and review de novo its legal determination, based on those findings, as to whether the department satisfied its reasonable efforts obligation. *Id.*

¶ 6 The juvenile court determined that the Department had made reasonable efforts to rehabilitate mother and reunify her with the child. Specifically, the court found that the caseworker had

attempted to engage mother in the case by sending her text messages and reaching out to family members. But it concluded that, despite these efforts, the caseworker couldn't "force [mother] to engage in a treatment plan." *See People in Interest of A.V.*, 2012 COA 210, ¶ 12 (the court may consider a parent's unwillingness to participate in determining whether the department made reasonable efforts).

¶ 7     The record supports the juvenile court's findings. Mother appeared at a family team meeting in February 2024, and the Department set up referrals for a substance abuse evaluation and supervised family time, but mother didn't engage in either service. Mother appeared virtually at the dispositional hearing in April 2024, using the same phone number that the caseworker had been using to try to contact her. The caseworker said that she called and texted mother immediately after the dispositional hearing, but mother didn't respond. The caseworker continued to call and text the same phone number without success. After April 2024, the Department didn't have a current address for mother, so the caseworker ran a diligent search to try to locate one. The caseworker contacted relatives, including the children's placement

3

and a family member with whom mother had previously lived, to see if anyone knew mother's whereabouts. Despite these efforts, the caseworker was unable to locate mother.

¶ 8 Mother argues that we should reverse the judgment because the caseworker didn't do enough to try to contact her. She maintains that the caseworker should have texted her more than three times, sent her emails, and visited her physical address. But the caseworker testified that she texted mother more than three times, even though she only documented three instances in her notes. *Cf. People in Interest of B.H.*, 2021 CO 39, ¶ 82 (affirming the judgment where the caseworker testified that "she thought [family finding letters had] been sent notwithstanding the fact that she didn't have a record of it"). As for the email address, the caseworker wasn't sure whether it belonged to mother or father. Finally, the caseworker said she didn't visit the physical address the Department had on file because the family member living there told her that mother was no longer there.

¶ 9 In sum, the record supports the juvenile court's findings underlying its determination that the Department made reasonable efforts. We can't reweigh the evidence or substitute our judgment

to reach a different conclusion. *See People in Interest of S.Z.S.*, 2022 COA 133, ¶ 29. And based on those findings, we agree with the juvenile court that the Department satisfied its reasonable efforts obligation.

¶ 10    Mother hasn't directed us to any legal authority supporting her position that the Department needed to do more to satisfy its reasonable efforts obligation, especially considering that mother never reached out to the caseworker, updated her contact information, or engaged in any services available to her. *See People in Interest of J.C.R.*, 259 P.3d 1279, 1285 (Colo. App. 2011) (the parent bears responsibility to ensure compliance with the treatment plan). We therefore reject mother's assertion.

### III.    Disposition

¶ 11    We affirm the judgment.

JUDGE TOW and JUDGE YUN concur.